gaged in digging in search of what was stated by one of the witnesses to be a steam leak, or for some other purpose, caused a fracture which "looked like an open cut" in the lead pipe that for 11 years prior to that time had been used by the plaintiffs for taking water from the street into their premises. To paraphrase the language of Mr. Justice Parker in the opinion from which we have already quoted, we think that the proof of the happening of the accident under such circumstances and conditions was of such legal value as to afford presumptive evidence of negligence, and cast upon the defendant the burden of explanation. Having offered no explanation, the question was properly submitted to the jury, and their verdict should not be disturbed.

The other questions raised by the appellant,—as to the plaintiffs' contributory negligence, and that the damage occurred in and through a vault in the street occupied by them, for which no license is shown, —we think are without merit. The only ruling upon evidence that is challenged is the permitting of testimony as to the repair of the pipe after the accident. Conceding that such testimony was immaterial or incompetent, we think it was perfectly harmless, because its tendency could only be to prove the existence of some defect in the pipe; and it was proven beyond contradiction by other testimony, not objected to, that the pipe had a fracture in it like an open cut; and testimony as to whether it was repaired afterwards or not did not strengthen the fact which the evidence alluded to tended to establish.

We think the judgment was right, and should be affirmed, with costs. All concur.

---

(17 App. Div. 435.)

BAKER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

OFFICERS—FEES—STENOGRAPHER TO BOARD OF CORONERS.

Laws 1882, c. 410 (Consolidation Act) § 1768, as amended by Laws 1889, c. 443, provides that the stenographer to the board of coroners shall be paid, in addition to his salary, six cents per folio for all transcripts of evidence "made for the district attorney's office by direction of said board." *Held*, that the stenographer was entitled to such folio rate for transcripts in homicide cases made by him under instructions from the board, and filed by the board in the district attorney's office, pursuant to section 1777 of the consolidation act, requiring transcripts of the testimony before the coroner in all homicide cases to be filed in the district attorney's office.

Appeal from trial term, New York county.

Action by Frederick A. Baker against the mayor, aldermen, and commonalty of the city of New York, to recover for making transcripts of the minutes of the inquest had before the coroner. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Charles A. O'Neil, for appellant.
Louis J. Vorhaus, for respondent.

INGRAHAM, J.  The plaintiff was a stenographer appointed by the board of coroners, under the authority conferred by section 1768 of the consolidation act (chapter 410 of the Laws of 1882).  The duty of such stenographer is stated to be "to take accurate and full stenographic minutes, and transcribe the same, of all proceedings, and testimony taken before a jury in the coroner's court held by said coroners in the city and county of New York as may be directed by said board"; and for the performance of this duty, viz. taking the stenographic minutes, and transcribing the same, the said stenographer was to receive a salary of "twenty-five hundred dollars per annum and six cents per folio for all transcripts made for the use of the district attorney's office by direction of the said board."  The six cents per folio for all transcripts of the minutes made for the use of the district attorney's office by the direction of the board is the amount fixed by law as the compensation to be paid to the stenographer for his services in the performance of the duties of that office.  The legislature has seen fit to provide a fixed sum as salary, and six cents per folio for the transcripts of the minutes made for the use of the district attorney's office.  It is the duty of the stenographer to take the minutes, and to transcribe the same; and, for a transcript of the minutes not required for the use of the district attorney, he is to receive no "folio rate," but, for all transcripts made for the use of the district attorney's office, he is, in addition to his fixed salary of $2,500 per year, to receive the folio rate.  The intent of this section seems to be clear, and the only question presented is whether the transcripts of the minutes mentioned in the complaint were made "for the use of the district attorney's office by direction of the said board."  The plaintiff testified that, when he was appointed, he was instructed by the chief clerk of the board "to make out transcripts in all homicide cases, to be turned into the board of coroners to be filed with the district attorney's office," and that it was in pursuance of these instructions that transcripts of the minutes to recover the fees for which this action is brought were made out by him, and were turned over to the chief clerk, to be filed with the district attorney.  The chief clerk of the board of coroners testified: "I was directed by the board of coroners to direct him [the plaintiff] to furnish to the board of coroners testimony in homicide cases.  I received instructions from the board of coroners to that effect."  He further testified that the transcripts to recover for the making of which this action was brought were received by him from the plaintiff, and were filed by him with the district attorney; and a receipt book was produced showing the receipt by the district attorney of the transcript of the minutes of each case.  There were also two resolutions of the board of coroners introduced in evidence,—one requiring the stenographer to file with the clerk of the board of coroners an abstract of the testimony taken at each inquest, and the other, a resolution passed January 3, 1894, requiring the stenographer to the board of coroners to furnish "to the board of coroners, promptly and without delay, the testimony taken by him at inquests, and more particularly in homicide cases."  We have thus the direction by the board of coroners to this plaintiff to prepare and file with the board

166   45 NEW YORK SUPPLEMENT   (Sup. Ct.

and 79 New York State Reporter.

a transcript of the evidence taken by him in each homicide case, and then a direction by the board to its chief clerk to file such transcript with the district attorney, in compliance with section 1777 of the consolidation act, whereby it is made the duty of each coroner to file with the clerk of the board an abstract of the testimony taken by him, except in the case of a homicide, in which case he shall transmit such abstract of testimony to the district attorney.

In consideration of this express provision of law, requiring the transmittal to the district attorney of an abstract of the testimony taken at an inquest in a homicide case, and the express direction of the board to the stenographer that a transcript of his minutes in each homicide case should be furnished by him to the board, and of the fact that said transcript was so furnished, and by the clerk of the board filed with the district attorney, as required by section 1777 of the consolidation act, it would appear that the right of the plaintiff to be paid for such transcripts was brought directly within the provision of section 1768, which provides a fee of six cents per folio for all transcripts of the minutes made for the use of the district attorney's office by direction of the board. Here these transcripts were made by direction of the board, and delivered to the board, to enable the board to perform the duty of delivering such transcripts of testimony in homicide cases to the district attorney. The object for which these transcripts were made must be presumed to be that prescribed by law. They certainly were made for the use of the district attorney's office, and they were made by direction of the board. There would have been no question if the resolution had stated that such transcripts in homicide cases there ordered to be made were for the use of the district attorney; and yet this was the direct effect of the resolution of the board, if the coroner and the coroner's clerk performed the duty imposed upon them by law, namely, to furnish a copy of the testimony upon each inquest in a homicide case to the district attorney.

We think, therefore, that the plaintiff was entitled, as a part of the compensation allowed to him for services rendered, six cents per folio for the transcript of the testimony furnished by him to the board, under the resolution referred to, in homicide cases, and that the judgment below was right, and should be affirmed, with costs. All concur.